**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## No. 16-4321

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

PEDRO DEL GRANADO,

               Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:15-cr-00398-GLR-1)

Submitted: April 21, 2017                      Decided: April 27, 2017

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

A.D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Ayn B. Ducao, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pedro Del Granado appeals his conviction for attempted enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b) (2012). Del Granado argues that there was insufficient evidence to support his conviction and that the district court erred in granting the Government's motion in limine to preclude the introduction of additional electronic communications. We affirm.

Del Granado first asserts that the Government did not demonstrate that he knew "Christy," the individual with whom he was in contact, was not an adult and, therefore, that the district court erred in denying his Fed. R. Crim. P. 29 motions. *See United States v. Clarke*, 842 F.3d 288, 297 (4th Cir. 2016) (reviewing de novo denial of Rule 29 motion). "In its assessment of a challenge to the sufficiency of evidence, a reviewing court views the evidence in the light most favorable to the prosecution and decides whether substantial evidence supports the verdict." *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014) (defining substantial evidence) (internal brackets and quotation marks omitted); *see Clarke*, 842 F.3d at 297 (stating elements of offense).

Viewing the evidence in the light most favorable to the Government, we conclude that the Government presented sufficient evidence for a jury to find that Del Granado was aware that "Christy" was younger than 18. "Christy" informed Del Granado on three separate occasions that she was 13 years old, and their communications are replete with examples of "Christy" demonstrating her young age. Additionally, Del Granado planned to pick up "Christy" at her home after her mother left for work and explicitly asked "Christy" when she needed to be home so she would not make her mother angry. Finally,

2

when officers arrested Del Granado, he — without prompting or questioning — volunteered that "Christy" was 20 years old, despite the fact that "Christy" only ever stated that she was 13, and Del Granado never questioned why he was being placed under arrest. We therefore conclude that this evidence supports Del Granado's conviction.[*]

Del Granado also argues that the district court erred in granting the Government's motion in limine to preclude the introduction of testimony related to his other electronic communications. Del Granado contends on appeal that other communications in his Yahoo! account with adults met through Craigslist were admissible under Fed. R. Evid. 807. Because he failed to invoke Rule 807 before the district court, our review is for plain error only. *United States v. Lowe*, 65 F.3d 1137, 1144 (4th Cir. 1995); *see United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015) (discussing plain error standard).

A hearsay statement that does not fall within an enumerated exception to the hearsay rule may be admitted if, among other criteria, "the statement has equivalent circumstantial guarantees of trustworthiness." Fed. R. Evid. 807. Rule 807 "is a narrow exception that should not be construed broadly" because to do so "would easily cause the exception to swallow the rule." *United States v. Dunford*, 148 F.3d 385, 394 (4th Cir. 1998). Our review of the record leads us to conclude that the communications Del Granado sought to introduce did not bear sufficient indicia of trustworthiness to allow for

---

[*] Del Granado does not contest the sufficiency of the evidence establishing the other elements of the crime.

3

admission under Rule 807 and that the district court did not plainly err in excluding such communications.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4